IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATT DINERSTEIN, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) GOOGLE, LLC, a Delaware limited liability ) company, and THE UNIVERSITY OF ) CHICAGO MEDICAL CENTER, an Illinois ) not-for-profit corporation, THE ) UNIVERSITY OF CHICAGO, an Illinois ) not-for-profit corporation, ) ) Defendants. ) | Case No. 1:19-CV-04311  Chief Judge Rebecca Pallmeyer |

**THE UNIVERSITY OF CHICAGO AND THE UNIVERSITY OF CHICAGO MEDICAL CENTER'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) AND 9(b)**

The University of Chicago and the University of Chicago Medical Center ("UCMC" and collectively, "University") hereby move to dismiss this action with prejudice, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6). The University's arguments in support of this Motion are set forth in detail in the University's Memorandum of Law in Support of Its Motion to Dismiss, which is filed contemporaneously with this Motion and is fully incorporated herein. In support of this Motion, the University briefly states as follows:

1. The University of Chicago and the UCMC are research institutions dedicated to conducting lifesaving research to improve patient care. Like other institutions, some of the University's programs involve sharing patient data for research, which the federal government authorizes through the Health Insurance Portability and Accountability Act ("HIPAA").

2.      The University announced in May 2017 a partnership with Google, focused on using new machine-learning techniques to create predictive models that could minimize unplanned hospital readmissions, avoid complications, and save lives.  The University's collaboration with Google included sharing certain patient data via a secure process in compliance with HIPAA.  Nevertheless, Plaintiff filed a multi-count, class action complaint, complaining that the University shared data from his electronic health records ("EHRs") with Google.  Compl. ¶¶ 66, 71, 72.

3.      As an initial matter, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks the Article III injury-in-fact needed to establish standing.  Plaintiff does not allege Google actually identified him (or anyone in the class he seeks to represent) from the data provided by the University.  He merely claims Google has the technological capability of doing so.  *Id.* ¶¶ 82-89.  But Plaintiff's speculation that Google might try to identify him in the future is not a proper basis for a lawsuit.  Plaintiff alleges no facts suggesting he has suffered, or will imminently suffer, any actual harm.

4.      Even if Plaintiff had standing, Plaintiff's Complaint should still be dismissed because Plaintiff's entire lawsuit is an impermissible effort to enforce HIPAA through private litigation.  There is no private right of action under HIPAA and Plaintiff has no ability to enforce HIPAA, either directly or through a HIPAA-based claim masquerading as a common law claim.  Each of Plaintiff's claims is an effort to end-run Congress's prohibition of private efforts to enforce HIPPA.  In any event, Plaintiff has not adequately pled, and could not in good faith plead, that the University violated HIPAA, because it did not.  As described in the University's Memorandum, HIPAA offers numerous pathways for institutions to share data (whether or not it is "de-identified" pursuant to HIPAA) for research, and Plaintiff's attempt to plead that the University did not satisfy one of those pathways does not state any claim.

5.  Finally, Plaintiff's Complaint should be dismissed because he fails to plead the necessary elements of his claims. The documents Plaintiff invokes as "contracts" affirmatively permit the data sharing that occurred here. Plaintiff's intrusion upon seclusion claim fails because he voluntarily gave his data to the University; thus, there was no "intrusion" at all. His Consumer Fraud and Deceptive Business Practices Act ("ICFA") claim fails because he does not plead fraud with particularity, as required by Federal Rule 9(b), nor does he allege actual damages. And Plaintiff's unjust enrichment claim fails because Plaintiff does not, and cannot, plead that the University retained any benefit (let alone unjustly) from disclosing data from his EHRs to Google.

WHEREFORE, for the reasons described briefly here, and detailed in the Memorandum in Support of this Motion, filed contemporaneously herewith, the University respectfully requests that this Court grant its Motion and dismiss all claims against the University with prejudice.

| | |
|---|---|
| Dated: August 27, 2019 | Respectfully submitted, |
| | */s/ Brian D. Sieve, P.C.* |
| | Brian D. Sieve, P.C. |
| | Michael B. Slade |
| | Sydney Schneider |
| | J. Benjamin Tyson III |
| | brian.sieve@kirkland.com |
| | michael.slade@kirkland.com |
| | sydney.schneider@kirkland.com |
| | ben.tyson@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle |
| | Chicago, IL 60654 |
| | Telephone: +1 312 862 2000 |
| | Facsimile: +1 312 862 2200 |
| | |
| | *Attorneys for Defendants The University of Chicago and The University of Chicago Medical Center* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2019, a true and correct copy of the foregoing document, **THE UNIVERSITY OF CHICAGO AND THE UNIVERSITY OF CHICAGO MEDICAL CENTER'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES 12(b)(1), 12(b)(6) and 9(b)**, was electronically filed and served upon counsel of record via the Court's CM/ECF System.

*/s/ Brian D. Sieve, P.C.*