IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATT DINERSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC, a Delaware limited liability company, and THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois not-for-profit corporation, THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation,<br><br>Defendants. | Case No. 1:19-CV-04311<br><br>Chief Judge Rebecca Pallmeyer |

**THE UNIVERSITY OF CHICAGO AND THE UNIVERSITY OF CHICAGO MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) AND 9(b)**

The University of Chicago and The University of Chicago Medical Center (collectively, "University") hereby move to dismiss this action with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b). The University's arguments in support of this Motion are set forth in detail in the University's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint, which is filed contemporaneously with this Motion and is fully incorporated herein. In support of this Motion, the University briefly states as follows:

1.  The University is an academic institution devoted to patient care and research. Some of that research uses patient data, because analyzing that data can help predict the best ways to treat future patients.

2.  In 2017, the University announced a partnership with Google to use new machine-learning techniques to create predictive models that could minimize hospital readmissions and

complications. As part of this research collaboration, the University shared limited patient data with Google via a secure process consistent with the Health Insurance Portability and Accountability Act ("HIPAA") and applicable state law. Among other things, the University and Google entered into a Data Use Agreement (the "DUA") in which Google promised never to use the limited data provided in an effort to identify any patients. Nevertheless, two years later, Plaintiff filed this suit. After all Defendants moved to dismiss, Plaintiff amended his complaint, but nothing in the Amended Complaint ("AC") cures the identified deficiencies.

3. As an initial matter, the AC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks the Article III injury-in-fact needed to establish standing. Plaintiff does not allege Google actually identified him (or anyone else) from the data provided by the University. He claims Google has the technological capability to do so, AC ¶¶ 71, 76–89, but concedes that Google contractually agreed never to attempt to identify any patient. AC, Ex 1 (DUA) § 3.1(b). Plaintiff's other theories of harm—including, for example, that he paid more for medical care than he otherwise would have had he known the University would partner with Google—are similarly meritless. Indeed, Plaintiff was expressly told that the University might use his data for research, in which event he would be entitled to no compensation. Ultimately, because Plaintiff alleges no facts suggesting he suffered, or will imminently suffer, any actual harm, he lacks Article III standing.

4. Even if Plaintiff had standing, Plaintiff's AC should still be dismissed because he cannot state a claim on the merits of any cause of action he brings. Plaintiff's contract claims fail because he does not allege actual breach or cognizable damages. There was no intrusion upon seclusion because, among other reasons, Plaintiff voluntarily provided his data to the University; thus, there was no "intrusion" at all. Plaintiff's Consumer Fraud and Deceptive Business Practices

Act claim fails because, among other reasons, he does not plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and lacks actual damages. Lastly, his unjust enrichment claim fails because when such a theory of relief is based on the same conduct alleged in another claim, the two claims rise or, as is the case here, fall together.

WHEREFORE, for the reasons described briefly here and detailed in the Memorandum in Support of this Motion, filed contemporaneously herewith, the University respectfully requests that this Court grant its Motion and dismiss all claims against the University with prejudice.

Dated: November 7, 2019

Respectfully submitted,

*/s/ Brian D. Sieve*
Brian D. Sieve, P.C.
Michael B. Slade
Sydney Schneider
J. Benjamin Tyson III
brian.sieve@kirkland.com
michael.slade@kirkland.com
sydney.schneider@kirkland.com
ben.tyson@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

*Attorneys for Defendants*
*The University of Chicago and*
*The University of Chicago Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, a true and correct copy of the foregoing document, **THE UNIVERSITY OF CHICAGO AND THE UNIVERSITY OF CHICAGO MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) and 9(b)**, was electronically filed and served upon counsel of record via the Court's CM/ECF System.

*/s/ Brian D. Sieve*
Brian D. Sieve, P.C.