## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MATT DINERSTEIN, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC, a Delaware limited liability company, and THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois not-for-profit corporation, THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation, <br><br> Defendants. | Case No. 1:19-cv-04311 <br><br> Hon. Rebecca R. Pallmeyer |

**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendant Google LLC ("Google") hereby requests that the Court take judicial notice of Exhibits A and B attached to the Declaration of Whitty Somvichian ("Somvichian Declaration") in support of its Motion to Dismiss Plaintiff's Amended Complaint.

**POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

**I.      INTRODUCTION**

As Google demonstrates in the accompanying Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss" or "Motion"), all of Plaintiff's claims against Google stem from Plaintiff's central contention that the University breached its contractual obligation to comply with HIPAA and state privacy laws by providing medical records to Google. But, as Google explains in its Motion, HIPAA provides procedures for covered entities to properly disclose data for research purposes. Rather than recognize these, Plaintiff instead references and selectively quotes from a series of articles and other documents to support his theory. Plaintiff ignores all references within the materials that show that Defendants complied with HIPAA safe harbors and fails to provide copies of the materials to the Court.

Seventh Circuit precedent does not allow this. Rather, well-established law authorizes Illinois courts to consider documents and information referenced in or relied upon in a complaint to prevent a plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (citation omitted). Accordingly, Google requests that the Court take judicial notice of Exhibits A and B attached to the accompanying Somvichian Declaration, which are explicitly referenced in the Amended Complaint. Plaintiff specifically relies on these documents, but affords the Court no means to see what the documents actually say. This motion seeks to remedy that.

**II.     ARGUMENT**

"[C]ourts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial

notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (emphasis added); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (considering an initial letter of intent and subsequent correspondence that illustrated the nature of the parties' contractual relationship, and holding that judicial notice is proper if documents "are referred to in the plaintiff's complaint and are central to her claim.") (citations omitted). "When documents are 'cited' in the body of a complaint and 'to some degree, relied on' to support a claim, the Court may consider the document in ruling on a motion to dismiss." *Scruggs v. Fairview Heights*, No. 13-cv-1088, 2014 WL 1097434, at *4 (S.D. Ill. Mar. 20, 2014) (quoting *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013)). Judicial notice of documents incorporated by reference is appropriate in order to prevent one party from "present[ing] only certain links of the chain in its effort to state a claim for relief." *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 923 (N.D. Ill. 1999) (citation omitted). The Seventh Circuit "has been relatively liberal in its approach to [this] rule," *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (citations omitted), because "it would be totally wasteful to uphold a claim on the false premise created by less than complete documentation when the delayed consideration of the remaining documents would lead to dismissal of that claim." *Magellan Int'l*, 76 F. Supp. 2d at 923; *Tierney*, 304 F.3d at 738.

Accordingly, courts in this district have routinely taken judicial notice of a variety of documents that are not attached to a complaint but are referenced in the pleading. *See, e.g. ABN AMRO, Inc. v. Capital Int'l Ltd.*, No. 04–cv-3123, 2007 WL 845046, at *11 (N.D. Ill. Mar. 16, 2007) (collecting cases and judicially noticing purchase agreements between defendant and others because they were contract documents that were signed in connection with the transaction at issue and, thus, were central to plaintiff's claims); *Spight v. Safer Found.*, No. 98–cv-4438,

2.

1999 WL 184198, at *1, *4 (N.D. Ill. Mar. 29, 1999) (considering the entirety of an employee handbook, where plaintiff only attached portions of the handbook to her complaint); *United States Secs. & Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 762-63 (N.D. Ill. 2017) (considering email communications referenced in plaintiffs' complaint because they bore on plaintiffs' allegations of defendant's wrongdoing); *Gas Tech. Inst. v. Rehmat*, No. 05–cv-2712, 2006 WL 3743576, at *17 (N.D. Ill. Dec. 15, 2006) (considering an agreement plaintiffs referred to in their complaint that sheds light on a predicate fact central to plaintiffs' claims).

      **A.**    **Exhibits A and B are explicitly referenced and relied upon in the Amended Complaint.**

    **Exhibit A:** *"Scalable and accurate deep learning with electronic health records"* article **(Somvichian Decl. Ex. A)**. Ex. A is a scientific article describing the research study that forms the basis of Plaintiff's claims. The Court should take judicial notice of Ex. A because the Amended Complaint cites and quotes from the article multiple times and relies on it to support Plaintiff's central theory that the University shared patient data with Google in violation of HIPAA. (AC ¶¶ 64-67.) Plaintiff fails to mention that the article establishes that the University shared the medical records at issue after obtaining Institutional Review Board ("IRB") approval, which provides a separate avenue for HIPAA compliance, as explained in Google's Motion. (*See* Ex. A at 6 ("ethics review and institutional review boards approved this study with waiver of informed consent or exemption at each institution"); *id.* at 8 ("The datasets analysed during the current study are not publicly available: due to reasonable privacy and security concerns, the underlying EHR data are not easily redistributable to researchers other than those engaged in the *Institutional Review Board-approved research collaborations* with the named medical centers") (emphasis added).) Plaintiff fails to attach the article to the Amended Complaint, denying the Court the

ability to independently review his characterizations of the article and put them in proper context. Plaintiff's misleading and selective reliance on Exhibit A is exactly the type of gamesmanship that warrants judicial review of a document in its entirety.

**Exhibit B:** "*Google AI Could Help Predict When You Die*" article **(Somvichian Decl. Ex. B).** Plaintiff quotes from and cites to Ex. B as part of his effort to suggest that Google *could* re-identify the records it received. (AC ¶ 79.) But, once again, Plaintiff cherry-picks from the article, referencing only those portions that support his speculative narrative while ignoring the rest, and fails to attach the article to the Amended Complaint. This is not allowed, and judicial notice of Ex. B is proper.

### III.  CONCLUSION

For the foregoing reasons, in connection with its Motion to Dismiss, Google respectfully requests that the Court consider the documents represented by Exhibits A and B to the Somvichian Declaration as incorporated by reference into the Amended Complaint or, alternatively, that the Court take judicial notice of these documents.

Dated:  November 7, 2019                                         Respectfully submitted,


                                                                 */s/ Michael G. Rhodes*
                                                                 Michael G. Rhodes

                                                                 One of the Attorneys for Defendant
                                                                 GOOGLE LLC


**COOLEY LLP**
Michael G. Rhodes (Admitted Pro Hac Vice)
rhodesmg@cooley.com
Whitty Somvichian (Admitted Pro Hac Vice)
wsomvichian@cooley.com
Kristine A. Forderer (Admitted Pro Hac Vice)
kforderer@cooley.com

Audrey Mott-Smith (Admitted Pro Hac Vice)
amottsmith@cooley.com
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

**NEAL & MCDEVITT**
Jeffrey Norberg (IL Bar No. 6315012)
jnorberg@nealmcdevitt.com
1776 Ash Street
Northfield, IL 60093
Telephone: (847) 881-2468

6.

## CERTIFICATE OF SERVICE

     I, Michael G. Rhodes, an attorney, certify that the foregoing **Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Amended Complaint** was filed through the Court's CM/ECF system on November 7, 2019 which automatically provides notification of such filing to all registered users.

                                                                               */s/ Michael G. Rhodes*
                                                                                 Michael G. Rhodes

214584928