IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATT DINERSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC, a Delaware limited liability company, and THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois not-for-profit corporation, THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation,<br><br>Defendants. | Case No. 1:19-CV-04311<br><br>Chief Judge Rebecca Pallmeyer |

**THE UNIVERSITY OF CHICAGO AND THE UNIVERSITY OF CHICAGO MEDICAL CENTER'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

The University of Chicago and The University of Chicago Medical Center (collectively, the "University") hereby move to strike Plaintiff's class allegations. The University's arguments in support of this Motion are set forth in detail in the University's Memorandum of Law in Support of The University of Chicago and The University of Chicago Medical Center's Motion to Strike Plaintiff's Class Allegations, which is filed contemporaneously with this Motion and is fully incorporated herein. In support of this Motion, the University briefly states as follows:

1. Plaintiff's underlying suit challenges a research collaboration between the University and Google in which the University disclosed certain data fields from medical records to Google for a collaborative research study aimed at improving health care outcomes and saving lives. According to Plaintiff's Amended Complaint ("AC"), Google used the data it received from the University to create software which could "predict future clinical events" and improve patient care. AC ¶¶ 42, 54, 58; *see also id.* ¶¶ 10, 45. While Google's presence in the predictive healthcare

analytics market has nothing but upside for patients, based on the allegations in the AC it is bad for Plaintiff's counsel's personal interests.

2. Edelson has significant personal and financial interests in Quant HC, Inc. ("Quant"), another company in the predictive healthcare analytics space. Edelson (and his law partners) funded, organized, and served as officers and directors of Quant. Dr. Dana Edelson, Edelson's wife, is the founder, controlling shareholder and CEO of Quant.

3. Quant developed a product (eCART) for the same predictive healthcare analytics market using a similar data set provided by the University. Based on the allegations in the AC, the software Google allegedly developed as a result of the data transfer potentially poses a direct competitive threat to Quant's eCART analytic. Edelson thus has a personal and financial interest in shutting down Google's research in the field. Indeed, Edelson has already threatened to sue the University *on behalf of Quant* over the exact same data transfer at issue in this case.

4. This facially apparent conflict means that Edelson cannot provide adequate representation to the class as required by Federal Rule of Civil Procedure 23(a)(4). The rule forbids not only actual conflicts, but also the *appearance* of conflicts. Edelson's personal and financial interests in Quant create both the appearance of a conflict and an actual conflict with the interests of the putative class.

5. This motion is ripe for consideration now. "[G]iven that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified at an early practicable time, courts may—***and should***—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class cannot be maintained." *Wright v. Family Dollar*, No. 10 C 4410, 2010 WL 4962838, *1 (N.D. Ill. Nov. 30, 2010) (internal quotation marks omitted; emphasis added). Attorney Edelson faces an obvious and indisputable conflict based on the allegations he

makes in the AC and his relationship to his wife, Dr. Edelson, and to Quant. Moreover, Edelson is the one in control of all the information about his connections with Quant. As a result, discovery is not necessary to resolve whether Edelson faces an unavoidable conflict of interest.

6. Accordingly, if any part of this case survives the pending Motion to Dismiss, the Court should strike the class allegations.

WHEREFORE, for the reasons described briefly here and detailed in the Memorandum in Support of this Motion, filed contemporaneously herewith, the University respectfully requests that this Court grant its Motion and strike Plaintiff's class allegations.

Dated: November 13, 2019

Respectfully submitted,

*/s/ Brian D. Sieve*
Brian D. Sieve, P.C.
Michael B. Slade
Sydney Schneider
J. Benjamin Tyson III
brian.sieve@kirkland.com
michael.slade@kirkland.com
sydney.schneider@kirkland.com
ben.tyson@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

*Attorneys for Defendants*
*The University of Chicago and*
*The University of Chicago Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, a true and correct copy of the foregoing document, **THE UNIVERSITY OF CHICAGO AND THE UNIVERSITY OF CHICAGO MEDICAL CENTER'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**, was electronically filed and served upon counsel of record via the Court's CM/ECF System.

*/s/ Brian D. Sieve*
Brian D. Sieve, P.C.