### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MATT DINERSTEIN, individually and on behalf of all others similarly situated, *Plaintiff*, v. GOOGLE LLC, a Delaware limited liability company, and THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois not-for-profit corporation, THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation, *Defendants*. | Case No. 1:19-cv-04311  Hon. Rebecca R. Pallmeyer |

### **PLAINTIFF'S MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY**

Plaintiff Matt Dinerstein respectfully requests that the Court grant him leave to file supplemental authority relevant to the pending motions to dismiss brought by Defendants University of Chicago and University of Chicago Medical Center (collectively, the "University"), (dkt. 43), and Defendant Google LLC ("Google"), (dkt. 45). Each Defendant argues that Plaintiff lacks Article III standing. In Plaintiff's response, Plaintiff asserts three grounds for standing: breach of contract, breach of privacy, and that Defendants misappropriated the commercial value of Plaintiff's data. (*See* Pl.'s Resp. Br. at 4-9, dkt. 65.)

A recent Ninth Circuit Court of Appeals opinion recently supported the third ground with a holding that the alleged misappropriation of internet browser histories—a type of data that also has commercial value, though it is far less sensitive—gave a plaintiff standing in federal court. *In re Facebook, Inc. Internet Tracking Litig.*, No. 17-17486, 2020 WL 1807978 (9th Cir. Apr. 9, 2020) ("*Facebook Tracking*"). The plaintiffs in *Facebook Tracking* claimed that Facebook

tracked their browser histories even after they logged out of the Facebook website, asserting a number of statutory and common-law violations. *Id.* at *1. Facebook argued that the plaintiffs lacked Article III standing, to which the plaintiffs responded (among other things) that their information had been effectively stolen from them: their browser histories had significant economic value that Facebook had unjustly taken. *Id.* at *6. The Ninth Circuit agreed with the plaintiffs, finding that they had Article III standing because "Plaintiffs allegedly did not provide authorization for the use of their personal information, nor did they have any control over its use to produce revenue. This unauthorized use of their information for profit would entitle Plaintiffs to profits unjustly earned." *Id.*

Analogously here, Plaintiff contends that his and the Class's medical records have commercial value which has been unjustly taken by the University and given to Google. Plaintiff thus seeks to cite *Facebook Tracking* in support of his opposition to the motions to dismiss.

WHEREFORE, Plaintiff Matt Dinerstein respectfully requests that he be given leave to cite *In re Facebook, Inc. Internet Tracking Litig.*, No. 17-17486, 2020 WL 1807978 (9th Cir. Apr. 9, 2020) in further support of his opposition to the motions to dismiss, (dkt. 65), and that the Court grant any further relief as may be appropriate and just.

                    Respectfully submitted,

                    **MATT DINERSTEIN,** individually and on behalf of all other similarly situated,

Dated: April 13, 2020               By: /s/ J. Eli Wade-Scott
                                                    One of Plaintiff's Attorneys

                    Jay Edelson
                    jedelson@edelson.com
                    Benjamin H. Richman
                    brichman@edelson.com
                    Christopher L. Dore
                    cdore@edelson.com

J. Eli Wade-Scott
ewadescott@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
Michael W. Ovca
movca@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378