**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATT DINERSTEIN, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br>  v.<br><br>GOOGLE LLC, a Delaware limited liability company, and THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois not-for-profit corporation, THE UNIVERSITY OF CHICAGO, an Illinois not-for-profit corporation,<br><br>        Defendants. | Case No. 1:19-cv-04311<br><br>Chief Judge Rebecca R. Pallmeyer |

**DEFENDANT GOOGLE LLC'S REPLY TO PLAINTIFF'S MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY**

Plaintiffs' new authority, *In re Facebook, Inc. Internet Tracking Litigation*, No. 17-17486, 2020 WL 1807978, at *1 (9th Cir. Apr. 9, 2020) ("*Facebook*") has no relevance to the claims in this case. While the plaintiffs in *Facebook* allege that Facebook compiled and sold browser histories linked to *identifying information* about its users, the allegations and claims here are different. Plaintiff alleges that Google obtained *depersonalized* health data as part of a research partnership with the University of Chicago Medical Center ("University") and its claims are founded on speculation that Google could or might—at some indeterminate point in the future—somehow re-identify users. In its Motion to Dismiss (Dkt. No. 46) ("Motion") Google argued that Plaintiff lacked standing to bring his claims because he has not pled a viable injury in fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff admits that Google received electronic health records ("EHR") from the University with names and other personally

identifying information removed. However, because the EHR did contain (1) free text notes, and (2) date stamps, Plaintiff claims that Google could, *in theory*, re-identify him based on these fields, using data from other Google services such as Google Maps, and thereby obtain his personal health information. In its Motion, Google argued that Plaintiff failed to plead injury based on this re-identification theory because, critically, *he did not allege (nor could he) that Google had actually re-identified anyone, attempted to do so, or even indicated that it might*. Re-identification, even if it were possible for any EHR, is expressly forbidden by Google's data use agreement with the University. (Dkt. No. 42-1, § 3.1(b).) Thus, under *Lujan*, Google argued that Plaintiff's purported injury is too "conjectural or hypothetical" to support Article III standing. 504 U.S. at 560-61.

*Facebook* does not bear on whether Dinerstein has alleged enough to plead a cognizable injury for purposes of Article III standing as to Google. *Facebook* involves allegations that Facebook collected browser information associated with its users after they were logged out. Plaintiffs in that case alleged that the information Facebook collected was linked to and identified with specific individuals, unlike the EHR at issue here. *Facebook*, 2020 WL 1807978, at *2-3 (referrer headers were compiled into personal user profiles). The Ninth Circuit's ruling in *Facebook* does not bear on whether Dinerstein has standing here to assert his claims based on speculation that Google could, theoretically, re-identify EHR that he admits were depersonalized and *not* linked to specific patients when provided to Google.

Because the issues in *Facebook* are not relevant to Google's arguments in this case, and for the reasons set forth in the University's separate response, the Court should decline to consider the *Facebook* ruling.

1.

Dated: May 7, 2020

Respectfully submitted,

*/s/ Michael G. Rhodes*
Michael G. Rhodes

One of the Attorneys for Defendant
GOOGLE LLC

**COOLEY LLP**
Michael G. Rhodes (Admitted Pro Hac Vice)
rhodesmg@cooley.com
Whitty Somvichian (Admitted Pro Hac Vice)
wsomvichian@cooley.com
Kristine A. Forderer (Admitted Pro Hac Vice)
kforderer@cooley.com
Audrey Mott-Smith (Admitted Pro Hac Vice)
amottsmith@cooley.com
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

**NEAL & MCDEVITT**
Jeffrey Norberg (IL Bar No. 6315012)
jnorberg@nealmcdevitt.com
1776 Ash Street
Northfield, IL 60093
Telephone: (847) 881-2468

3.

**CERTIFICATE OF SERVICE**

I, Michael G. Rhodes, an attorney, certify that the **DEFENDANT GOOGLE LLC'S REPLY TO PLAINTIFF'S MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY** was filed through the Court's CM/ECF system on May 7, 2020 which automatically provides notification of such filing to all registered users.

                                                      */s/ Michael G. Rhodes*
                                                      Michael G. Rhodes

224435163